Number twenty one dash one fiber for Good afternoon My name is Vincent Gerbino. I'm here on behalf of the appellant plaintiff, Stacey Priscilla, and may it please the court. I wish to raise some points here or argument that are also contained in the brief, but things that I think need to be addressed more poignantly is that we believe the district court abused its discretion as it relates to the issue regarding the admissions. There were requests for admissions served. These requests went unanswered. The requests were never, there was never a motion for a protective order. There was never a motion to withdraw them. The admissions went unanswered. They should have been deemed admitted. The district court found that despite the fact that the requests were never admitted, were never responded to that they should simply be ignored that they don't apply and found that they don't hold them to be conclusively establishing the matters that are contained in the admission. So let me just ask you a question is I understand the scope of a permissible request for admission. It can deem certain facts, maybe authenticity of documents and even in some cases the application of law to facts or facts to law, depending on which order you like. Yeah. But if some of these admissions were just pure legal conclusions, the district court's under no obligation to accept those, is it? I agree your honor. But in this particular case, and I read the admissions fairly in depth, right? There were several of them, right? There were several of those admissions over 70 listed, but inclusive in those 70 are admissions that relate to the actual event concerning the magnets being placed on this woman's desk, concerning the depiction of the women in inappropriate garb with offensive statements contained therein. A lot of those admissions are related to that sexual harassment issue and whether or not Joseph Wax did that and whether or not they were placed in the areas where Ms. Stacy indicated that they were, right? So a lot of those admissions go to the very heart of the actual harassment. So you're saying they're actual factual, they aren't legal conclusions. Most of them you're saying are just factual. And so therefore because they were factual, they would be deemed admitted but for the district court to respond to action. Yes. And I'm willing to agree that there were some in that admission that were more conclusory in nature, but not all of them. And certainly the bulk of them dealt with those issues regarding the cursing, the events, the magnet, the inappropriate nature of which was placed on Ms. Priscilla's desk. Those magnets were crucial to her claim. They were factual allegations. They were admitted and Judge McNulty should have acknowledged that. Mr. Gimeno, a prerequisite for the obligation to respond is of course that these were properly served. And you indicated at the outset that they were served. But what we have in the record, I wonder if you could just explain, we have it at Appendix 840. It looks like a Gmail that just says, Dear Teresa, please see attached. And the RFAs are then attached to it. Was there service other than by by what appears to be personal email? And to the extent that the local rules permit electronic service, it appears that they do so when there has been consent in writing. Is there any indication on this record of that consent? Your Honor, I unfortunately took over the case later on down the road, well after this event had occurred. My understanding was based upon what's in the brief, that it was properly served. That was never an issue that even McNulty brought up. So my understanding of that is that they were properly served. And even Judge McNulty indicated that it was a lapse on the part of the appellees to not respond. And then he just took it upon himself at his discretion to toss them aside based upon the Sinoco decision, which I don't think really is applicable here given the fact that this was a But you've got no dispute if the district judge determined that there had been no consent to receive service of discovery requests via email, that if that was the basis for the decision, then the district judge would have been perfectly well grounded in rejecting the conclusive effect of these RFAs. If there was such an issue. I'm unaware of that honestly because I came in to this matter much later than I, you know, it's been going on quite a while. So I have a test under under rule 36 B as to what a district court should evaluate in the presence of a motion. And you don't dispute that as to the factors to be considered, namely whether it promotes presentment of the merits or would prejudice your client, that those were things that the district court addressed. Well, the district court had in front of it a motion for summary judgment, right? So the district court had at that point in time, the obligation to look for material issues of fact. And I think the record here is replete with material issues of fact. The issue relating to the merits is to me not yet applicable here. The motion for summary judgment under rule 56 is are there material issues of fact that were overlooked and the judge abused his discretion in that regard and went beyond what the call was, what the duty was of the judge at that point in time, which was to determine if there were material issues of fact, which there were. And in terms of the prejudice issue on that second prong of that snopo test, had my client realized that these admissions were not going to be accepted by the court, she would have clearly have done further efforts in terms of discovery with respect to her coworkers. Some of which are no longer available. If the judge acknowledged the effect, regardless of the admission, go to the magnet issue. That's your requests 31 and 46. All that's being asked one or two magnets, I agree is a slight difference in the two requests for admissions, but did in fact, Mr. Walks post a magnet. The judge acknowledged that the record said that he had. Yes. His position was it simply wasn't material. Well, but, but your honor, the first decision coming in November 9th of 2020, the judge found that there was enough for determining a hostile work environment on that very issue of the magnets. Then our motion for reconsideration goes even further and decides, you know what? I'm changing my mind. The magnets are insignificant. How could the magnets be insignificant? They were all over the office with respect to the meeting. Over your, most of your client says is two. The judge thought there was one, but I think I might all the time. Isn't, isn't incorrect that the, there were multiple magnets all about the office and one directly planted on Mr. Priscilla's desk. Okay. But that's not one of your requests for admissions. The admissions do relate to the issue of the magnets and who they place them and where they were. I also want to address the issue of the time. Not to let that go. I don't want to roll on the magnets. What admission do you particularly point to a request that would have altered the outcome of the case in terms of summary judgment? And a lot of the requests for admissions have nothing to do with any claim presented to the court. Some are conclusions of law. What do I look at? My, my, my viewing of the admissions. I thought number 24 related to the sexual harassment harassment issue. Number 28, number 31, number 32, the number 33 the retaliation issues, number 25 and 34 38 again with sexual harassment or retaliation. So that's how I view them. And addressing the issue of the motion for reconsideration after the judge finds that there is sufficient evidence of a hostile work environment. We move to have a reconsideration on the issue of admissions. Our reconsideration motion is timely. The appellees reconsider motion is not timely. It's it's beyond the local rule 7.1 well, 14 days post when it would have been due. And the judge again ignores that even though we indicate in our opposition that we found that that reconsideration motion by the police was on timely, that is not addressed. And the last comments I just want to make is that at this time in this rule 56 summary judgment motion, there was a clear indication of, of material issues of fact that the judge decided not to find that the judge abuses discretion upon finding, becoming the arbitrator of the facts. When at that point in time, the reason we were there is to determine whether or not there are issues of material fact, not to get to a pretrial level, which is why I don't believe Snoko is applicable here. Um, that's the ultimate, you know, concern I have here is that it was an abuse in terms of what was available on the record at that time, established enough evidence of, of, of, of material facts that needed to get to a jury. And judge McDulty choose to ignore it. He chose to ignore the lapse in the admissions and essentially be the arbitrator of the facts at that point in time, when that wasn't his role. We grant district judges a lot of latitude and, um, in the way they run their courtrooms, um, and apply the rules. Uh, true. The rule requires, uh, or provides that, uh, withdrawal, uh, be upon motion. Um, but why would it be an abuse of discretion for the district court to consider, uh, that to allow for, um, its own sua sponte motion? Uh, and alternatively, why wouldn't a, uh, why couldn't a district court looking at a motion for summary judgment that, uh, takes issue with the facts in, uh, in an RFA, uh, consider that, uh, a implied motion for withdrawal. Yeah. I don't think that at this point in time, when, when the judge had this before him, right, you had a very clear violation of rule 36 B and that the admissions were presented. The admissions were not responded to the judge himself, use it as a lapse. And then, um, in the November night decision, and this is what's troubling to me is that in the November night decision, he does all of that, your honor, and finds that there's a hostile work environment issue to get to a jury. And then, and I don't, can't get into the judge's mind on the work and reconsideration issue on the one issue relating to the admissions goes even further and decides the case in its entirety. So I don't understand how there cannot be a material issue of fact when in one decision there was, and in the other, there isn't. So that's where I can't understand why that was. It didn't make sense to me when one breath in November night, he finds there's an issue of fact as to this hostility that occurred to this woman in the next breath, it's gone. Why is it gone? Clearly there was a material issue of fact. He had decided that on November night. And that's my position on that. But the district court itself indicated that that was because it's initial ruling was based on a misunderstanding of the facts, right? I can't, I can't imagine that it was a 30 something page decision on the November 9th order where he goes painstakingly through all the issues and finds that the magnets in and of themselves created the hostile work environment. So how could they be thrown out on the reconsideration motion? It just doesn't add up to me. And that's why I feel it should be reversed. Thank you. Thank you. Good afternoon. May it please the court. Nicholas Sullivan from Florio, Perucci, Stein, Archipelago, Tipton, Taylor. On behalf of a Pele, city of Bayonne, Joseph Wax, and Richardson Solo. I'd like to pick up from the beginning, speaking about the request for admissions. As this court is aware, based on my briefing, the district court properly relied on the Sunoco Inc, RNM, VMX, Wholesale Fuel Corp case, which Ms. Priscilla has not provided any cases that refute the Sunoco case, nor have they tried to rebut the Sunoco case. And as a point of clarification, Sunoco was on summary judgment. And the issue being there was the case, the court, so a sponte like judge McNulty, although at the same time on my opposition, I requested him to review the Sunoco case for the request for admissions after raised by a plaintiff. I'm sorry, Ms. Priscilla at the time, but the Sunoco case, it boils down to the cruxes, the two-prong factor test, which is the moving party must establish that withdrawal or amendment will subserve the presentation on the merits. And second, whether the non-moving party will be prejudiced by permitting the moving party to amend or withdraw the admission. The council, that only gets you so far. It's a district court decision. We're, we're now at the point of looking at the rules and trying to ascertain that the proper interpretation of the rules was maybe the Sunoco court erred as well. It really depends on ultimately you know, what we're, we're persuaded to understand of the requirements of the rule. So rather than pointing to the district court there, can you speak to us about how the rule should be interpreted and why when it provides upon motion the, and there was no motion here that the court had, had properly exercised its authority under that rule. Yes. Thank you, your honor. So rule 36 does permit under subsection B or I'm sorry, it does permit that you may make a motion to, for, to admit, I'm sorry, to waive the, the, or rescind the responses to a request for admissions. I believe it comes back to a public policy, which is well within our court, that it's better to solve a case or hear a case on the merits than on procedural deficiencies. So here, I believe that the, although it's the district court, but I believe the district court has applied it correctly, that it's on the merits, this case based on the record, as a judge McNulty argued at length, as Mr. Garbino mentioned in his two very lengthy opinions, the record state contradicts the request for admissions and the request for admissions goes to not just the facts of this case. And they also contradict the record itself. A request 30 seats in admission. That plaintiff had no disciplinary history prior to 2012. Well, if that was admitted, that would be a lie because Priscilla was served with a 31A form on November 9th for improperly notarizing a document and was suspended 60 days in 2011 for confiscating employee personnel documents. Request for admission, get to what will be disputed in a given case. Right. Right. And so it may be that for purposes of this case, we often see a lot of lawyers writing, we see Congress writing for purposes of this subsection and you see a lot of people saying for purposes of, and so maybe this could be admitted just for purposes of this case. And these admissions do supersede pleadings. Admissions quite commonly can be superseding of pleadings. But, but let me ask you this rule 36 has a fee shifting and the fee shifting provision says basically I'm paraphrasing. If someone denies a request for admission and then turns out to prove that admission to be true, the other side has exposure for the attorney's fees that were, that were, that were incurred in that proof. And I think it's still discretionary, but it's a, there's a tilt to the way that that, that rule goes. And doesn't that, that fear of fee shifting justify why it has to be on motion? Because if a court says, I know I now no longer view these as admitted. I view these as in essence denied. Hasn't the court sua sponte created exposure to your client for attorney's fees, for any proof that would come that would, that would validate any one of these admissions. And doesn't that show us why we can't let that decision be in the hands of a court. If a party wants to set something aside, they incur with that, the risk and the exposure that they may be liable for fees. If that's later, if, if their denial is later proved untrue. Well, I do agree that I believe it's discretionary to begin with one point you made, but second, I agree that on the, on its face, a motion would be preferable, but here I think it back to, this was basically to be on the merits. If not, this is a procedural issue that plaintiff would be, or I'm sorry, Purcell would be permitted to move forward past summary judgment based on facts that would tend to could be deemed admitted that aren't true. So the record wholly contradicts them. Additionally, as I've argued, the plaintiff or Purcell perceived no prejudice because all of this, a lot of the requests for admissions were directly out of the complaint, which were all denied by the answer by the party. So no, I don't think in this instance, it opens it up for exposure because this is slightly different than if this was at some point during, and I was able to first denied, and then I needed to admit a fact I would have to file a motion later. I think it's different because this was based on one judicial expediency and two have a decision on the merit instead of a procedural deficiency. Yeah. Our job really is not so much the number of magnets as to give guidance and interpretation of the rule itself. Wouldn't it be a better practice for a district court judge who did what the judge did here to announce an advance? It's just that he intended on his own motion to consider or deem the requests withdrawn and then invite the parties to respond. He could have done that. Your honor, I would believe it was his discretion at that point. I do say there wasn't a surprise to Ms. Purcell as I did make this argument and she was, she was allowed to respond and she filed a deficient cross motion for summary judgment and filed a reply if I recall correctly to that. So she had the opportunity to be heard on this instance. She chose not to address this except to say that they are admitted and that's where the court's inquiry should end, which I don't agree with based on my briefing and Judge McNulty's decision, which I fully support. But why isn't that par for the course if a party decides not to respond to requests for admission and not to move for withdrawal? And that's a, that's a choice that a party could make. Why shouldn't they be held to that and, and the district courts stay within the four corners of the rule? No, fair question, your honor. I think my argument would be that this I could have crossed, I could have moved for this within the summary judgment motion though. So I think it's okay at that time that Judge McNulty took the sue response. They were based on my suggestion because I brought this case to his attention that the request for admissions should be, the appellees should be released from the request for admissions at that point. So I, again, I think this is a unique situation. I don't think this is one that applies across the board, but I think when it comes to a public policy of this case has a record that demonstrated that the request for admissions if deemed admitted would be wholly contrary to the record that this was necessary. And at the same time a motion could have been filed in conjunction with the summary judgment at that time. When you say you brought this to the court's attention, you mean you asked the district court to withdraw the admissions? So as I recall it, your honor, I filed summary judgment in this case. Priscilla responded and raised the issue of the request for admissions. At the time I responded to that asking the court to apply the Sunoco two-part test, which the court took under advisement and Judge McNulty went through that analysis. That's my recollection. Is that in the record anywhere? I should be in my opposition brief or I'm sorry, my reply brief to summary judgment. Worth looking into. Thank you. Yes. I will just add for one more thing. When it comes to the cross motion for reconsideration that the local rules, the way they can be read is that 7.1 H says across emotionally to the subject matter of the original motion may be filed by the party opposing the motion together with that party's opposition in pertinent part 7.1 which follows 7.1 H 7.1 I speaks about reconsideration. So I believe it is in the discretion of the district court, which has given latitude to interpret its own local rules for Judge McNulty to accept a cross motion for reconsideration as he explained in his opinion. And I did cite to another case, which was another district court case, which he didn't give much weight to, but that was a LW versus Jersey City Board of Education case where the same incident happened. There was a reconsideration and another cross motion more than 14 days later. And the district court at that time heard it on the merits. So although that case is not precedential or have any bearing on this court I do believe the district court has done this before. So this is not an unusual practice. So just for the sake of completeness in addition to the briefing on summary judgment was there also argument and was there a transcript of that argument prepared? There was no oral argument before the district court. It was done on the papers. And when this issue arose that prompted you to, uh, to raise Sonoco with the district court, um, why not simply file a motion to withdraw? Um, it's a fair question, Your Honor. Um, I will, I, I want to say, as I mentioned, this was not my case to begin with, which is not an excuse, but this was not something I had knowledge of until that time. So I, I, I just asked the court to do it that way, uh, without filing a notice of motion, um, based on the arguments presented by Purcell. If the court were to have said that they construed your reply brief as sufficient for a motion, then we would be in complete conformity with the rule, right? Correct. Okay. Okay. All right. Thank you very much. Thank you. Good afternoon. May it please the court. Uh, Drew Krauss, Jason Lamparillo, Malin Capuzzo, uh, for the defendant, uh, Richardson Sulo. Um, I'm involved in this matter on a very limited basis with respect to, uh, count D of plaintiff's complaint and any claim that was lodged for punitive damages against Mr. Sonsolo. And just to point out to the court, our position of course, is that, um, although plaintiff would characterize this or the appellant would characterize this case as a discrimination claim, uh, case against Mr. Sonsolo, that particular account lodged against him is one for intentional interference with contract. So our position with that, with respect to that, and again, initially it was a complaint filed, I believe in 2014 in June, uh, with certain claims against Mr. Sonsolo that might've dealt with the law against discrimination and harassment claims. However, the plaintiff affirmatively removed those claims about four months later and only lodged a, an intentional interference with contract claim against Mr. Sonsolo. And our position in front of the district court was that there is no contract involved here, uh, with, uh, Ms. Purcella, uh, that plaintiff has, or that the appellant has pointed to, uh, because she was a civil service employee with Bayonne and as such, her employment was governed by, um, the civil service rules and regulations under title, uh, for a of the New Jersey administrative code. Um, so plaintiff in the allegations, uh, in her complaint, uh, from October of 2014, nearly eight years ago has indicated that the contract she's referring to, uh, lies in the employment handbook of Bayonne. Uh, however, I think in our briefing, we dispel the fact that that handbook cannot serve as an employment contract because there was a clear disclaimer in there. And under the New Jersey case law or Woolley and progeny, um, that that disclaimer dispels any notion that that was an employment contract in her favor. Um, so in this case, because she has never presented an employment contract, uh, that could have actually been interfered with by Mr. Sensulo, uh, that her claims cannot lie under count D of the amended complaint. Uh, I'm sorry, your honor. Did S and E also have a collective bargaining interest in city employees? I believe there was a collective bargaining agreement, but that has never been presented to us. It was referred to, uh, briefly in, uh, the papers, but I assume your argument would be that, uh, that's for the benefit of the union. She's not an intended third party beneficiary in a pure contract. So you took the words right out of my mouth, your honor. Yes. That is a union contract for the benefit of the union as a total. And not, it's not unique to, uh, the appellant. So based on what, uh, was before the, uh, district court, or I should say what was not before the district court in terms of a, a contract that could support that claim that was, uh, lodged, the district court, uh, correctly ruled that that claim could not be sustained. Um, and to piggyback off of that, um, you know, there was a claim for punitive damages. Uh, not only do we believe, do we believe that was not pled properly, but we don't believe that claim to be sustained either because if the underlying claim for breach or intentionally inferential contract couldn't be proven, it couldn't be support used to support punitive damages in this case. Uh, putting that aside, I think on the record, I don't think there's sufficient evidence against, uh, Mr. Censulo to support any punitive damages claims, um, in terms of willful and wanton conduct or any sort of actual malice that might have been demonstrated by him with respect to anything that occurred with respect to the appellant in this matter. So based on, on that, uh, we believe, or I believe at least with respect to County and punitive damages, that the district court ruled properly in dismissing those claims on summary judgment. Okay. Thank you. Thank you. Just, uh, briefly in terms of the issues associated with Mr. Censulo, this was a, a gentleman who was coming into the city of Bayonne on a regular basis because he was contracted to be the head of the department of health and, um, various times when he would be there, he would refer to my client in derogatory ways, um, trustee or whatever, you know, he could come up with at the time, um, moments within days, not even many days. I think it was two days after she acknowledged or reported this to her EEO officer. She's removed. Mr. Censulo had a lot of power in the city and he was able to make a few calls, make a few statements and she was removed and she was a 16 year employee at her location. She was then removed. The union has a collective bargaining agreement. The union in, in my position in that regard, your honor, is that it is a contract and it's a contract that protects the people, members of the union of which this Ms. Purcell was. So by enforcing his, his power, he was able to have his efforts succeed in retaliating against her. That was the breach of the contract. That was the breach. And it affected her job, affected her position. And this was a long-term zealous employee for the city of Bayonne. The union never filed a grievance though, did it? Well, excuse me? The union never pursued a grievance, not the union. She did. Thank you. Thank you. Thank you all. All right. We thank a council for their argument today. We appreciate your time and, and, and, and helpful briefing. And we will take.